46 F.3d 1139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louis T. CERVANTES, Plaintiff-Appellant,
v.
Samuel A. LEWIS; Sam Sublett; and Glen Parin, Defendants-Appellees.
 No. 94-15838.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 19, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Louis T. Cervantes, an Arizona state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. Sec. 1983 action alleging that the housing conditions at the State Prison in Tucson, Arizona violated the Eighth Amendment. Cervantes also attempts to appeal the district court's denial of his motion for preliminary injunctive relief alleging that prison officials confiscated his legal materials. We dismiss Cervantes's appeal as moot. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).
 
 
 3
 On appeal of the summary judgment order, Cervantes seeks only injunctive relief for allegedly unconstitutional housing conditions in tents at the prison. Because Cervantes was transferred out of those housing facilities on May 19, 1993, his claim for injunctive relief is dismissed as moot. See Johnson, 948 F.2d at 519.[1] Accordingly, Cervantes's appeal of the denial of his motion for preliminary injunctive relief is also moot. Id.
 
 
 4
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent that Cervantes seeks review of the denial of his claim for damages for allegedly unconstitutional housing conditions, our review of the record indicates that defendants did not have the culpable state of mind necessary to find an Eighth Amendment violation. See Wilson v. Seiter, 501 U.S. 294, 299 (1991)